## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF COLORADO

| | |
|---|---|
| In re<br><br>MERCURY COMPANIES, INC. ,<br>a Colorado corporation<br>EIN: 84-1008321<br><br>Debtor. | Case No. 08-23125<br>Chapter 11 |

## MOTION FOR AN ORDER LIMITING NOTICE
## AND ESTABLISHING NOTICE PROCEDURES

Mercury Companies, Inc. ( the "Debtor" or "Mercury"), for its Motion for an Order Limiting Notice and Establishing Notice Procedures states as follows.

1.      On August 28, 2008 (the "Petition Date"), the Debtor filed its voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 101, et seq. (the "Bankruptcy Code").  The Debtor continues to operate its businesses and possess its property as debtor-in-possession pursuant to Bankruptcy Code §§ 1107 and 1108.

2.      The Debtor is a privately-held Colorado corporation and is a holding company primarily for subsidiaries that until recently were involved in the settlement services industry, including title services, escrow services, real estate services, mortgage services, mortgage document preparation, and settlement services software development.  Prior to the Petition Date, the Debtor operated through its subsidiaries in multiple offices in a number of states, but has since wound down or sold its operations.  In addition, the Debtor owns companies in Colorado that own undeveloped land.  None of the Debtor's subsidiaries has filed a bankruptcy petition, except for three subsidiaries (Alliance Title Company, Inc., Investors Title Company and American Title Company) that filed Chapter 7 petitions in California in June 2008.

3.      The Debtor has over 2,800 creditors, most of whom are class action claimants in and employees of its subsidiaries.  The Debtor has a relatively limited number of trade creditors and secured creditors.  Notice to all parties on the creditor matrix would be extremely burdensome to the Debtor, costly to its estate, and in many cases unnecessary, as certain motions would have no bearing on many of these parties.

4.      Pursuant to Rule 2002, all of the Debtor's creditors and parties in interest will be sent notice of the Chapter 11 filing and the meeting of creditors in accordance with Bankruptcy Code § 341.

5.      Fed. R. Bankr. Pro. 2002(m) provides:  "The court may from time to time enter orders designating the matters in respect to which, the entity to whom, and the form and manner in which notices shall be sent except as otherwise provided by these rules."

6.     In order to reduce the burdens and costs associated with notice to all creditors and parties in interest for all requests for relief, the Debtor requests that the Court approve a "Limited Notice List," which would include the following parties in interest.

     a.     The United States Trustee;

     b.     The Debtor's twenty largest unsecured creditors, or their respective counsel;

     c.     Counsel for any official unsecured creditors' or other statutory committee appointed in this case;

     d.     All secured creditors or their respective counsel;

     e.     All taxing authorities holding claims against the Debtor, if any, including the Internal Revenue Service and the Colorado Department of Revenue;

     f.     The Colorado Division of Insurance;

     g.     All parties who have, by entry of notice of appearance, advised that they desire to receive notices in this Case; and

     h.     Any government agencies required to receive notice under the Federal Rules of Bankruptcy Procedure or the Local Bankruptcy Rules.

7.     All motions, notices, other requests for relief, and all court filings would be served on the then-current Limited Notice list, except:

     a.     Matters specified in Fed. R. Bankr. Pro. 2002(a)(1), (a)(4), (a)(7), (b), (d), and (f)(3);

     b.     Matters in which the applicable rules or orders of this Court permit service on fewer parties than those included on the Limited Notice List;

     c.     For matters directly affecting a party in interest not listed on the Limited Notice List, the party so affected by the requested relief and those parties listed on the Limited Notice List; and

     d.     A proposed sale of all or substantially all of the Debtor's assets, in which case notice would be served on all creditors and parties-in-interest.

8.     The Debtor would update the Limited Notice List periodically to include those parties who have made a written request to be included on such list and to file such updated lists with the Court.

9.     The proposed Limited Notice List is fair and reasonable under the circumstances and in the best interest of the Debtor's estate and its creditors.  The proposed notice procedures will promote the Debtor's reorganization efforts by preserving assets that otherwise would be

consumed by unnecessary copying, postage, and related expenses, without prejudicing the rights of any party-in-interest.

**WHEREFORE,** the Debtor requests that the Court enter an order approving the content of and procedures associated with the Limited Notice List and such other relief as is just and proper.

Dated this 28th day of August, 2008.

**BROWNSTEIN HYATT FARBER SCHRECK, LLP**

s/ Daniel J. Garfield
Michael J. Pankow, #21212
Daniel J. Garfield, #26054
410 17th Street, Suite 2200
Denver, Colorado  80202
Telephone:  (303) 223-1100
Facsimile:  (303) 223-1111
mpankow@bhfs.com
dgarfield@bhfs.com

*Proposed Attorneys for the Debtor*

## CERTIFICATE OF MAILING

I hereby certify that on this 28th day of August, 2008, a true and correct copy of the **MOTION FOR AN ORDER LIMITING NOTICE AND ESTABLISHING NOTICE PROCEDURES** was sent via U.S. mail, postage prepaid, and properly addressed to the following:

Office of the U.S. Trustee
999 18th Street, Suite 1551
Denver, CO 80202

The First American Corporation
Attn:  Parker S. Kennedy
One First American Way
Santa Ana, CA 92707

US Bancorp Equipment Finance, Inc.
P. O. Box 230789
Portland, OR 97281-0789

Lisa English
Patricia Winegar
c/o Nicholas Wagner
Wagner & Jones
111 E. Herndon, Suite 317
Fresno, CA 93720

James W. Moody
11108 Rocky High Road
Camarillo, CA 93012

Edward Gonsales
c/o Bridgford & Gleason
Mark B. Simpkins
85 Enterprise, Suite 470
Aliso Viego, CA 92656-2614

Joseph N. DiChiacchio
32503 Southshore Place
Westlake Village, CA 91361

David D. Wilson
35 Club Court
Alpharetta, GA 30005

Michael D. O'Leary
2710 South Interlock Drive
Evergreen, CO 80439

Timeka Clay & Dellfinia Hardy
c/o Chaune Williams
1300 Clay Street, Suite 600
Concord, CA 94519

B.M. Tonkin, Inc.
c/o Trainor Fairbrook
Kristina Reed
980 Fulton Avenue
Sacramento, CA  95825

Robert M. Awalt
5011 Highgrove Court
Granite Bay, CA 95746

Daniel M. Gaudreau
11585 Las Polamas Drive
Frisco, TX 75034

Virginia G. Johnson
2240 South Miller Court
Lakewood, CO  80227

Morrison & Forester LLP
555 W. 5th Street, Suite 3500
Los Angeles, CA 90013-1024

John J. Harritt
1701 38th Street
Sacramento, CA  95816

Pitney Bowes Global Financial Services, Inc.
c/o Richard A. Solomon
Solomon Grindle, Silverman & Spinella, APC
12651 High Bluff Drive, Suite 300
San Diego, CA  92130

John Longo
5 Purple Plum
Littleton, CO 80127

April Martin
c/o Summer D. Peard
Maire & Beasley
2851 Park Marina Drive, Suite 300
Redding, CA 96099-4607

Patricia Lawyer
14945 Anillo Way
Rancho Murieta, CA 95683

Jeanne Smith
10063 Oak Springs Trail
Franktown, CO 80116

Irene and John Jones
c/o Jonathan Quint
Law Offices of Jonathan Quint
3911 Harrison Street
Oakland, CA 94611

Internal Revenue Service
Attn:  Insolvency Unit
1999 Broadway, MS 5012 DEN
Denver, CO 80202-3025

Colorado Department of Revenue
Attn:  Bankruptcy Unit
1375 Sherman Street, Room 504
Denver, CO  80261

Security and Exchange Commission
Denver Regional Office
1801 California, Suite 1500
Denver, CO  80202-2656

Colorado Division of Insurance
Attn: Marcy Morrison
1560 Broadway, Suite 850
Denver, CO  80202

Mercury Companies
1515 Arapahoe Street
Tower 1, Suite 1400
Denver, CO  80202

s/ Dean C. Stalnaker _____