# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF COLORADO

| | |
|---|---|
| In re<br><br>MERCURY COMPANIES, INC., ET AL<br><br>Debtors. | Bankruptcy Case Nos. 08-23125, 08-26825, 08-26827, 08-26829, 08-26831, 08-26834, 08-26837<br><br>Jointly Administered Under<br>Case No. 08-23125 MER<br><br>Chapter 11 |

### ORDER (I) AUTHORIZING THE SALE OF SHARE OF TITLE PLANT FREE AND CLEAR OF ALL LIENS, CLAIMS, INTERESTS AND ENCUMBRANCES AND (II) APPROVING STOCK PURCHASE AGREEMENT

Upon the motion, dated December 5, 2008 (the "<u>Motion</u>"),[1] of Mercury Companies, Inc. ("<u>Mercury</u>") and Arizona Title Agency, Inc. ("<u>AZTA</u>") as debtor in possession, pursuant to sections 105 and 363 of the Bankruptcy Code and Fed. R. Bankr. Pro. 2002 and 6004 for (i) approval of the sale of a share of title plant corporation and related personal property (collectively, the "<u>Share</u>"), pursuant to that certain Stock Purchase Agreement dated as of December 1, 2008 (the "<u>Purchase Agreement</u>") with Metro Title Agency of AZ, LLC (the "<u>Buyer</u>") and (ii) approval of payment of fees; and due, proper, timely, adequate and sufficient notice of the Motion having been provided in accordance with applicable rules; and a reasonable opportunity to object or be heard regarding the Motion having been afforded to all such parties; and it appearing that no other or further notice need be provided; and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and sufficient cause appearing therefor, it is hereby:

---

[1] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Motion.

FOUND AND DETERMINED THAT:

A. Mercury and AZTA have properly exercised their reasonable business judgment in executing the Purchase Agreement. Mercury and AZTA have shown good and sufficient business justification under sections 105(a) and 363(b) of the Bankruptcy Code for the Sale, outside of a plan of reorganization.

B. The relief sought in the Motion is in the best interests of Mercury and AZTA, their estates, their creditors, and all parties in interest.

C. The ultimate consideration to be paid by the Buyer (i) represents the best offer for the Share; (ii) is fair and reasonable; (iii) provides for a greater recovery for AZTA's creditors than would be provided by any other practical, available alternative; and (iv) constitutes reasonably equivalent value and fair consideration under the Bankruptcy Code and non-bankruptcy law.

D. The Buyer is not an "insider" or "affiliate" of Mercury or AZTA (within the meaning of the Bankruptcy Code). Mercury, AZTA, and the Buyer have not engaged in conduct that would prevent the application of section 363(m) of the Bankruptcy Code or permit the Purchase Agreement to be avoided under section 363(n) of the Bankruptcy Code. Consequently, the Buyer is a good faith Buyer under section 363(m) of the Bankruptcy Code and, as such, is entitled to the protections afforded thereby.

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED.

2. Pursuant to sections 105 and 363 of the Bankruptcy Code and Bankruptcy Rules 2002 and 6004, the Sale is approved and Mercury and AZTA are authorized to consummate all of the transactions contemplated thereby, including, but not limited to, the Purchase Agreement.

3. All fees owed to the Title Plant Corporation shall be segregated from the Purchase Price and held in escrow, and AZTA is authorized and ordered to pay such fees.

4. Pursuant to section 363(f) of the Bankruptcy Code, AZTA's right, title, and interest in and to the Share shall be sold to the Buyer free and clear of any and all liens, claims, and encumbrances.

5. The Buyer is a good faith Buyer and is granted the protections provided to a good faith Purchaser under section 363(m) of the Bankruptcy Code, and consummation of the Purchase Agreement shall not be affected by reversal or modification on any appeal of this Order.

6. Each and every federal, state, and local government agency or department is directed to accept any and all documents and instruments necessary and appropriate to consummate the transactions contemplated by this Order.

Dated: January 9, 2009.

BY THE COURT:

_____
Michael E. Romero
U.S. Bankruptcy Judge

8948\12\1221772.1