UNITED STATES BANKRUPTCY COURT
DISTRICT OF COLORADO

| | |
|---|---|
| In re<br><br>MERCURY COMPANIES, INC.<br><br>Debtor. | Bankruptcy Case No. 08-23125<br><br>Chapter 11 |

## ORDER CONFIRMING MERCURY'S CHAPTER 11 PLAN

This matter came before the Court pursuant to the Mercury's Chapter 11 Plan dated July 14, 2010, together with the Amendment to Chapter 11 Plan filed November 24, 2010 (Dkt. # 2359) (the "First Amendment") and the Second Amendment to Chapter 11 Plan filed December 10, 2010 (the "Second Amendment") (Dkt. #2442) (collectively, the "Plan"), filed by Mercury Companies, Inc. ("Mercury" or the "Debtor"), the debtor and debtor-in-possession in this Chapter 11 case.

The Court heard arguments and received evidence or offers of proof in support of confirmation of the Plan at a hearing on December 13, 2010 (the "Confirmation Hearing"). All parties in interest received notice and an opportunity to be heard.

The Texas Comptroller of Public Accounts (the "Texas Comptroller") and certain employee creditors each filed an objection to the Plan, which objections were resolved or overruled at the Confirmation Hearing. The Official Unsecured Creditors' Committee (the "Committee) announced its support for confirmation of the Plan.

Based upon the Plan, the evidence or offers of proof submitted to the Court, the representations of the parties, and the record before the Court in this case,

THE COURT FINDS AND CONCLUDES AS FOLLOWS:

    A.    The Court has jurisdiction and is empowered to enter a final and dispositive order pursuant to 28 U.S.C. § 157 (b)(2)(A), (I), (L), (N), and (O) and § 1334.

    B.    The Plan provides for payments to creditors, vesting of the estate's assets in the Debtor, and the liquidation of the Debtor.

    C.    There is good cause to confirm the Plan.

    D.    All parties in interest and known creditors of the Debtor have received notice and have had an opportunity to appear and participate at the Conformation Hearing.

    E.    The Court previously approved Mercury's proposed procedures regarding the First Amendment. (Dkt. # 2356). Mercury properly re-solicited votes from Class 3 unsecured

creditors after filing its First Amendment to the Plan, consistent with the Bankruptcy Code and applicable Bankruptcy Rules.

F. The Second Amendment filed on December 10, 2010, does not adversely affect or adversely change the treatment of the claim of any creditor or interest holder. The Second Amendment (i) permits the post confirmation committee to retain and pay professionals, (ii) reserves the Texas Comptroller's setoff rights and (iii) provides for interest on the Texas Comptroller's priority tax claim consistent with Bankruptcy Code § 511. Pursuant to Fed. R. Bankr. P. 3019(a), notice of the Second Amendment was provided to the Committee and the United States Trustee. Such parties do not object to the Second Amendment or to confirmation of the Plan (as modified) at the duly noticed Confirmation Hearing.

G. The Plan satisfies all requirements for confirmation of the Plan pursuant to 11 U.S.C. §§ 101, et seq. (the "Bankruptcy Code").

H. The Plan complies with the applicable provisions of the Bankruptcy Code and therefore meets the requirements of Bankruptcy Code § 1129(a)(1) for the following reasons:

i. The Plan satisfies Bankruptcy Code § 1122(a) as the classification scheme is reasonable and necessary to implement the Plan, and each of the claims or interests within each particular class is substantially similar to the other claims or interests in such class.

ii. The Plan satisfies Bankruptcy Code § 1123(a) as the Plan fully complies with each of the applicable requirements set forth therein.

iii. The Plan satisfies Bankruptcy Code § 1123(b) as all provisions of the Plan are consistent with the permissive provisions that may be incorporated into a plan under § 1123(b).

I. The proponents of the Plan have complied with all applicable provisions of the Bankruptcy Code, including the requirements of Bankruptcy Code § 1125 in connection with disclosures and solicitation of acceptances of the Plan, and the proponents, therefore, have satisfied the confirmation requirement of Bankruptcy Code § 1129(a)(2).

J. The Plan was proposed by the proponents in good faith and not by any means forbidden by law because the Plan was proposed with a reasonable belief in the likelihood that the Plan would achieve its intended results, which are consistent with the purposes of the Bankruptcy Code. Accordingly, the Plan satisfies the requirements of Bankruptcy Code § 1129(a)(3).

K. The Plan provides that all fees and expenses remain subject to final review for reasonableness under Bankruptcy Code § 330. Accordingly, the Plan satisfies the requirements of Bankruptcy Code § 1129(a)(4).

L. To the extent possible, the Plan discloses the identity and affiliations of any individual who, after confirmation, will serve as a director, officer, or voting trustee of the Debtor, any affiliate of the Debtor participating in a joint plan, or a successor to the Debtor. The

service of such individuals is consistent with the interests of creditors and equity security holders and with public policy. Accordingly, the Plan satisfies the requirements of Bankruptcy Code § 1129(a)(5)(A).

M. The Plan discloses the identity of the insiders who will be employed or retained by the Debtor and at the Confirmation Hearing Mercury disclosed the nature of any compensation for such insiders. Accordingly, the Plan satisfies the requirements of Bankruptcy Code § 1129(a)(5)(B).

N. Bankruptcy Code § 1129(a)(6) is inapplicable to the Plan.

O. The Plan provides that: (i) it be accepted by each holder of a claim or interest within each class, or (ii) each non-accepting claimholder will receive at least as much under the Plan as it would receive in a Chapter 7 liquidation. Accordingly, the Plan satisfies the "best interests of creditors" test under Bankruptcy Code § 1129(a)(7).

P. With respect to each class of claims or interests, such class has accepted the Plan or such class is not impaired under the Plan. Accordingly, the Plan satisfies the requirements of Bankruptcy Code § 1129(a)(8).

Q. The Plan provides that all allowed claims under Bankruptcy Code § 507(a)(2) and (3) are administrative claims to be paid in cash within 28 days after the effective date of the Plan or within 28 days after they become allowed claims. Accordingly, the Plan satisfies the confirmation requirements of Bankruptcy Code § 1129(a)(9)(A).

R. The Plan provides that any claims under Bankruptcy Code § 507(a)(1) and (4) through (7) are to be paid in full under the Plan on the later of the 28 days after the effective date of the Plan or when they become allowed claims. Accordingly, the Plan satisfies the requirements of Bankruptcy Code § 1129(a)(9)(B).

S. The Plan provides that any claims under Bankruptcy Code § 507(a)(8) will be paid on the later of 28 days after the effective date of the Plan or such date as the claim becomes an allowed claim. Accordingly, the Plan satisfies the requirements of Bankruptcy Code § 1129(a)(9)(C).

T. As evidenced by the ballot report submitted by the Debtors, the Plan has been accepted by all impaired classes that do not include the claims of insiders. Accordingly, the Plan satisfies the requirements of Bankruptcy Code § 1129(a)(10).

U. The Plan offers a reasonable prospect of success and is feasible. Therefore, the Plan satisfies the requirements of Bankruptcy Code § 1129(a)(11).

V. The Plan provides that the filing fees and the United States Trustee fees listed in 28 U.S.C. § 1930 will be paid in full. Accordingly, the Plan satisfies the requirements of Bankruptcy Code § 1129(a)(12).

W. Bankruptcy Code § 1129(a)(13)-(16) are inapplicable to the Plan.

  X. The Garden City Group, Inc. ("GCG") was employed as claims, noticing and balloting agent for the Debtor. (Dkt. #142 and #145). Among other things, GCG has maintained, processed and docketed claims and interests scheduled or filed in this case through a register of claims (the "Claims Register").

WHEREFORE, IT IS ORDERED, ADJUDGED, AND DECREED THAT:

  1. The Plan (as modified by the First Amendment and Second Amendment) is confirmed.

  2. The Debtor and its officers and directors are authorized to take or cause to be taken all actions necessary to implement and effectuate the provisions of the Plan.

  3. Pursuant to the Plan, on the effective date of the Plan, all property, assets, and rights of the Debtor shall vest in the Debtor and shall be free and clear of all claims and interests of creditors and equity security holders, except as provided in the Plan.

  4. Pursuant to Bankruptcy Code § 1146, the issuance, transfer, or exchange of any security, or the making, delivery, filing, or recoding of any instrument of transfer under the Plan may not be taxed under any law imposing a stamp tax or similar tax.

  5. The failure to reference or discuss any particular provision of the Plan herein shall have no effect on the validity, binding effect, and enforceability of such provision, and such provision is incorporated herein and shall have the same validity, binding effect, and enforceability as every other provision of the Plan.

  6. If any provision hereof is hereafter modified, vacated, or reversed by order of this Court or any other court, such reversal, modification, or vacation shall not affect the validity of the obligations incurred or undertaken under or in connection with the Plan prior to receipt by the Debtor of written notice of any such order; nor shall such reversal, modification, or vacation hereof affect the validity or enforceability of such obligations. Notwithstanding any reversal, modification, or vacation hereof, any such obligation incurred or undertaken pursuant to and in reliance of this Order prior to the effective date of such reversal, modification, or vacation shall be governed in all respects by the provisions hereof and of the Plan, and all documents, instruments, and agreements related thereto, or any amendments or modifications thereto.

  7. Notwithstanding the entry of this Order confirming the Plan, the Court shall retain jurisdiction to facilitate the performance of the Plan by entering any further necessary orders regarding interpretation or enforcement of the Plan, and as specifically set forth in the Plan.

  8. On or before the effective date of the Plan, GCG shall file with the Court the Claims Register. The Debtor may rely on the Claims Register and the information contained therein, including the creditors' names and addresses and the validity and amount of such claims, for distributions made in accordance with the Plan and this Order.

  9. As a condition to being paid final fees and costs, GCG shall comply with all of its obligations set forth in the Application to Employ, (Dkt. #142), the Bankruptcy Administration

Agreement attached as Exhibit 1 thereto, and the Order approving the Application to Employ. (Dkt. #145).

Dated this <u>13th</u> day of <u>December</u>, 2010.

BY THE COURT:

_____
Michael E. Romero
U.S. Bankruptcy Judge